## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGG GIORDANO and JOHN KOZAK,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF MAPLEWOOD, JERRY GIAIMIS, JOSEPH M. ALVAREZ, JOHN DOES 1-10, said names being fictitious,<br><br>Defendants. | Civil Action No. 2:22-cv-4808<br><br>**CIVIL ACTION**<br><br>**COMPLAINT WITH JURY DEMAND** |

1. This action seeks redress for the willful, wanton, and intentional violation of the civil rights of public servants who have dedicated, and risked, their lives to protect the people of the Township of Maplewood.

2. Throughout the COVID-19 pandemic, Plaintiffs Gregg Giordano and John Kozak were dedicated Fire Fighters employed by Maplewood, placed their sworn vow to protect the public above their own health and safety.

3. This is not mere hyperbole, rushing to provide aid and protection to the citizens of Maplewood in the face of danger, these dedicated men contracted COVID-19, sadly often brought it home to their families despite their best efforts.

4. Most people wonder exactly how they will react when faced with grave risks, burning buildings, armed criminals threatening, or actually harming innocent men, women, and children. But Plaintiffs do not wonder; rushing into danger is exactly what these Heroes do every day.

5. Despite years, and at times decades of dedicated service and risking the ultimate sacrifice, the administration and attorneys for Maplewood turn their back on these Heroes.

6. This complaint seeks to hold Maplewood accountable for that harm it caused to its dedicated servants.

7.     This action is the result of individual actors manipulating the articulation of public servant's religious beliefs to justify discrimination and economic coercion against them. It seeks damages and injunctive relief for all Plaintiffs and all others similarly situated under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49. ("LAD") and Title VII of the Civil Rights Act ("Title VII") Plaintiffs and all others similarly situated.

8.     Defendant imposed a condition of employment that required Plaintiffs to forego a sincerely held religious belief in violation of the LAD and Title VII.  Specifically, when Plaintiffs submitted requests for exemption from the mandatory COVID-19 policy, Maplewood retaliated against them by placing them on unpaid leave.

9.     As if placing Plaintiffs on unpaid leave was not retaliation enough, Plaintiffs were then terminated.

10.    As discussed in greater detail below, the LAD and Title VII required Maplewood to engage in bona fide interactive process to determine if Plaintiffs could perform the essential functions of their job with an accommodation.

11.    Maplewood refused to conduct this good faith investigation, in flagrant disregard for LAD and Title VII.

12.    Moreover, Maplewood made its decision to refuse to accommodate Plaintiffs and fire them by explicitly discriminating against them based on their religious beliefs.

13.    Specifically, Maplewood granted a medical exemption from the COVID-19 vaccine requirement to receive two doses of vaccine for a police officer who suffered an adverse reaction to the first dose.

14.    This accommodated police officer has not received his second dose and thus, under the Maplewood policy in place to this day, is "unvaccinated."

15.     Maplewood made a determination that it was not an "undue hardship" or a "threat to the public" for the accommodated police officer to continue to perform his duties with the accommodation of wearing a mask when interacting with members of the public.

16.     Maplewood could have made the same accommodation for Plaintiffs, who similarly sought an exemption and accommodation, but refused to do so.

17.     By doing so, Maplewood treated Plaintiffs seeking exemptions and accommodations based on their religious beliefs, differently from other employees who sought exemptions on other bases, subjecting Plaintiffs to disparate and discriminatory treatment based on their religious beliefs.

18.     By making the accommodation for the accommodate Police Officer, Maplewood confirmed what every other fire department in the state of New Jersey has determined—unvaccinated first responders can safely work with testing and masking.

19.     This disparate treatment was implemented and then confirmed by Maplewood Township Administrator Jerry Giaimis.

20.     Defendant Giaimis further retaliated against Plaintiffs after they were terminated by informing the New Jersey Department of Labor, Division of Unemployment, that Plaintiff Giordano was ineligible for unemployment benefits as he was terminated for cause.

21.     However, under oath at the appeal proceedings, Defendant Giaimis first testified under oath that Maplewood could not accommodate any unvaccinated first responders due to the nature of their job.

22.     Then, after admitting that Maplewood has in fact accommodated the accommodated police officer referenced above, Defendant Giaimis confirmed that Maplewood was able to accommodate unvaccinated first responders.

23.    Further, at the same time that plaintiffs were on sick leave, *another* Fire Fighter was also on sick leave.

24.    This unvaccinated Fire Fighter requested and received a medical exemption from the COVID vaccine.  He remains unvaccinated to date.

25.    While Maplewood removed Plaintiffs—the two Fire Fighters who requested Religious Objections from sick leave—and ultimately terminated them, Maplewood did not remove or terminate either the Police Officer or the Fire Fighter who submitted requests for Medical Exemption.

26.    Since terminating Plaintiffs, Maplewood established a new Fire Department, the South Essex Fire Department.  The new Fire Department does not require the COVID vaccine and the legacy employees from either department are still paid by the original towns.

27.    Thus, the unvaccinated Fire Fighter is currently being paid by Defendant Maplewood.

28.    But Maplewood's treatment of the unvaccinated police officer and the unvaccinated Fire Fighter is not an outlier. As discussed below, Plaintiffs are in the process of compiling the COVID-19 vaccination policies for similar Fire Departments across the state.

29.    Unvaccinated Fire Fighters in hundreds of departments and municipalities can safely and without undue hardship perform the essential functions of their job without any accommodations, or with accommodations of either masking when interacting with the public, or routine testing.

30.    Even those municipalities that required the vaccine are rolling back those mandates as the State, and the entire country, return back to pre-COVID normalcy.

31.    For example, the City of Newark previously required that all city workers, including Fire Fighters, to receive the COVID-19 vaccine. Newark did so while complying with civil rights laws,

granting exemptions, and reaching reasonable accommodations with masking and testing for city employees who seek religious exemptions.

32.     On March 3, 2022, the City of Newark rescinded its vaccination requirement for any and all city employees, including Fire Fighters.

33.     According to Defendant Giaimis, COVID works differently in Maplewood than it does in any other fire department in the state.

34.     Further, according to Defendant Giaimis, COVID operates differently for first responders when Maplewood wishes to discriminate against Plaintiffs through disparate treatment due to them seeking a religious exemption.

35.     The COVID pandemic has placed great strains on all of us. Most people across this great nation and state stood together, but not the administration of Maplewood. Maplewood instead used COVID as a pretext to violate its most basic legal obligations to Plaintiffs.

This Complaint says enough is enough and seeks to hold Maplewood accountable.

## PARTIES AND VENUE

36.     Defendant Township of Maplewood ("Maplewood") a municipal entity of the State of New Jersey, located in the County of Essex. The address for the administration of the Township is 574 Valley Street, Maplewood, NJ 07052.

37.     Defendant Jerry Giaimis ("Giaimis") is the Township Administrator for Maplewood, with a principal place of business located at the Maplewood Administration Building, in Maplewood New Jersey, in the County of Essex.

38.     Defendant Joseph M. Alvarez ("Alvarez") is the Chief of the Fire Department of Maplewood, with a principal place of business located at 105 Dunnell Road, in Maplewood, New Jersey, in the County of Essex.

39.    Defendants John Does (1-10) are fictitious persons and/or entities who were involved with the implementation of the Maplewood Covid policy, the decision to deny Plaintiffs accommodations, the decisions that Plaintiffs could not be accommodated, placing Plaintiffs on unpaid leave, and terminating their employment.

40.    Plaintiff, Gregg Giordano, was employed by the Township of Maplewood as a Professional Firefighter for over 24 years. He grew up in Maplewood on Girard Place, met his wife Donna at Tuscan School in 5th grade and have been together for over 40 years and happily married for 32 years with 3 children, Nicholas, Brittany & Courtney. Gregg and Donna were married at St. Joseph's Church in Maplewood and went on to buy their first home on Lexington Avenue in Maplewood.

41.    Gregg Giordano became a fireman in 1998 and started on the Maplewood Fire Department in February of that year. He has received numerous awards throughout his 24-year career and devoted his entire life to protecting and serving the community of Maplewood.

42.    Plaintiff, John Kozak, Deputy Chief John Kozak III started in the fire service in 1995. Following in the legacy of three generations of Kozak's serving the community as both Firefighters and volunteers in the First Aid Squad.

43.    His dream was to one day rise to the position of Fire Chief like his father had. To realize his dreams John started taking night college courses in the local community college to obtain a Fire Science degree while working fulltime and volunteering.

44.    Eventually he took the entrance examination for the Maplewood Fire Department in 1998 and was hired number #1 out of 150 applicants. John knew that being a firefighter was his calling. He eventually finished his degree and graduated with high honors. Over the years John continued

his thirst for knowledge and his passion for the fire service, he became certified as An Emergency Medical Technician, NJ State Fire Inspector, Fire Instructor, and Fire Investigator.

45.     John has always been a hard worker and a dedicated employee. He worked his way up through the ranks as a Firefighter/ EMT to the position of Captain and eventually promoted to Deputy Chief. He has been an exemplary employee serving the residents of Maplewood for close 24 years.

46.     Deputy Chief Kozak is the most senior Officer in the Maplewood Fire Department. During his tenure he has received multiple accommodations for both merit and valor, saving several residents of Maplewood from certain peril. Deputy Chief Kozak is a member of the Maplewood Fire arson investigation team and holds a degree in Fire Science. John is married for 25 years to his wife Kristina who is a public-school teacher and has 2 teenaged boys Alexander, and Clayton.

47.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-00108, *Gregg Giordano v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit A**.

48.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-00123, *John Kozak v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit B**.

49.     This Complaint is filed within 90 days of the Notice of Right to sue.

50.     As set forth herein, this Complaint brings claims under Title VII of the Civil Rights Act.

51.     Therefore, pursuant to 28 U.S.C. §1331, this Court has original subject matter jurisdiction over this matter.

52.     This Court has personal jurisdiction over Maplewood as it has a principal place of business located within the District of New Jersey.

53.     Inasmuch as Maplewood is located with the County of Essex, this matter is properly venued in the District Court seated in Newark.

## **FACTUAL HISTORY**

**The Policy**

54.     Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

55.     On or about August of 2021, Maplewood required all employees to either be current with COVID vaccination or to be tested for COVID.

56.     The Policy was amended on October 19, 2021 and the vaccinate-or-test model was replaced with a mandatory vaccination policy.

57.     The Policy—at least on paper—set forth that Maplewood would comply with state and federal law:

> Maplewood Township is committed to providing equal employment opportunities without regard to any protected status and a work environment that is free of unlawful harassment, discrimination, and retaliation. As such, Maplewood is committed to complying with all laws protecting employees' religious beliefs and practices. When requested, the Maplewood will provide an exemption/reasonable accommodation for employees' religious beliefs and practices which prohibit the employee from receiving a COVID-19 vaccine or testing protocols, provided the requested accommodation is reasonable and does not create an undue hardship for Maplewood or pose a direct threat to the health and/or safety of others in the workplace and/or to the requesting employee.

> To request an Exemption/Accommodation related to the Maplewood's COVID-19 vaccination or testing policy, please complete this form and return it to Human Resources. This information will be used by Human Resources or other appropriate personnel to engage in an interactive process to determine eligibly for and to identify possible accommodations.

8

58.     On October 21, 2021, Plaintiff Giordano submitted a request for religious exemption and accommodation.

59.     For a requested accommodation, Plaintiff Giordano offered to test for COVID-19 on his own time, and at his own expense.

60.     On October 26, 2001, Defendant Giaimis, on behalf of Maplewood, denied Mr. Giordano's request:

> We are in receipt of your request for an accommodation to the Township of Maplewood's COVID-19 vaccination policy. As you know, the Township adopted an initial policy in August 2021 relating to COVID-19 vaccines and testing. The Township's policy was amended during the October 19, 2021 Township Committee meeting. The submitted request pre-dates the Township's policy change from a vaccination or testing policy to the newly adopted vaccination policy. Based on its content, however, we assume that it was made in anticipation of the new policy's adoption.
>
> In your request, you have cited to a number of objections to the Township's vaccination mandate based on what you say are your sincerely held religious beliefs. As an accommodation, you have requested permission to submit to weekly testing in lieu of submitting proof of vaccination.
>
> Upon careful review of your request, your position, your direct contact with members of the public in crisis and the nature of your job, we regret to inform you that your request constitutes an undue hardship.
>
> You are in a position in which you interact with the public directly, in emergent situations, and there may be instances of close contact in an emergent situation where someone in distress may not be masked and may be compromised/high risk.
>
> Accordingly, we are prepared to offer you a leave of absence through December 31, 2021, at which point we can re-evaluate your request. If you would like to remain in paid status, you may use any leave balances you have available.

61.     At the time of the denial, Mr. Giordano was out on sick leave.

62.    On November 5, 2021, counsel for Plaintiffs submitted appeals challenging the bases for the denials as Maplewood violated controlling state and federal law, including explicitly the LAD and Title VII.

63.    Maplewood received the two separate appeals for Plaintiffs and never responded, either in writing, or in any other way.

64.    On November 5, 2021, Mr. Giordano's doctor placed him on leave pursuant to the Family Medical Leave Act, unable to return to work pending further medical release.

65.    Three days later, despite being provided with this note, on November 8, 2021, Maplewood and Defendant Giaimis removed Mr. Giordano from sick leave and placed him on unpaid leave.

66.    Thus, even though the October 26, 2021 letter explicitly allowed for Mr. Giordano to use "any leave," and that sick time is permissible when a member is sick, injured or disabled—and that Mr. Giordano was on sick leave and FMLA leave, Defendant Giaimis retaliated and discriminated against Mr. Giordano by removing him from leave.

67.    On or about December 29, 2021, Defendant Giaimis then wrote to Plaintiffs to state that while the October 26, 2021 letter stated that their status on unpaid leave would be re-evaluated on December 31, 2021—Defendant Giaimis preemptively informed Plaintiff that they would no longer be allowed to remain on unpaid leave.

68.    Defendant Giaimis was able to peer into the future on December 31, 2021 because he had already determined to discriminate and retaliate against Plaintiffs—even though Defendant Giaimis had granted accommodations for an unvaccinated Fire Fighter and an unvaccinated Police Officer, at this exact time.

69.    On October 27, 2021, Plaintiff Kozak submitted a request for religious exemption.

70.    On October 28, 2021, Plaintiff Kozak was placed on sick leave.

10

71.     On November 2, 2001, Defendant Giaimis, on behalf of Maplewood, denied Mr. Kozak's

religious exemption request:

> We are in receipt of your request for an accommodation to
> the Township of Maplewood's COVID-19 vaccination
> policy.  As you know, the Township adopted an initial policy
> in August 2021 relating to COVID-19 vaccines and testing.
> The Township's policy was amended during the October 19,
> 2021 Township Committee meeting to one included a
> mandatory vaccination policy.  Please accept this letter as a
> formal response to your request for accommodation.
>
> In your request, you have cited to a number of objections to
> the Township's vaccination mandate based on what you say
> are your sincerely held religious beliefs.  As an
> accommodation, you have requested permission to submit to
> weekly testing and other measures in lieu of submitting
> proof of vaccination.
>
> Upon careful review of your request, your position, your
> direct contact with members of the public in crisis and the
> nature of your job, we regret to inform you that your request
> constitutes an undue hardship. You are in a position in which
> you interact with the public directly, in emergent situations,
> and there may be instances of close contact in an emergent
> situation where someone in distress may not be masked and
> may be compromised/high risk.
>
> Accordingly, we are prepared to offer you a leave of absence
> through December 31, 2021, at which point we can re-
> evaluate your request.  If you would like to remain in paid
> status, you may use any personal or vacation leave balances
> you have available.

72.     On or about November 15, 2021, Mr. Kozak's doctor placed him on leave pursuant to the

Family Medical Leave Act, unable to return to work pending further medical release.

73.     Despite being provided with this note Maplewood and Defendant Giaimis removed Mr.

Giordano from sick leave and placed him on unpaid leave.

74.     Maplewood initiated termination proceedings against Plaintiffs on or about January 3, 2022 when Defendant Alvarez sent notice to Plaintiffs that they no longer met the requirements for their positions as Fire Fighters because they did not receive the Covid vaccine.

75.     As Chief of the Fire Department, Defendant Alvarez knew, or willfully, recklessly, and/or negligently failed to account for the fact that Maplewood and Defendant Giaimis had already instituted a double-standard where unvaccinated employees who sought exemptions for non-religious bases could be accommodated safely, but unvaccinated employees who sought an exemption for a religious basis were denied, suspended, and terminated.

76.     What followed was a hearing on January 19, 2022 where Defendant Giaimis was the sole presiding officer, who presented testimony on behalf of Maplewood, and with Maplewood refusing to present a single exhibit in support of its charges.

77.     Plaintiffs requested that Defendant Alvarez be produced to testify and after Defendant Giaimis initially denied the request, produced Defendant Alvarez.

78.     Further, while Defendant Giaimis, as hearing officer, determined that Defendant Giaimis, as Township Administrator, could testify as to the underlying facts, Defendant Giaimis, as hearing officer, determined that counsel for Plaintiffs was not permitted to ask him any questions.

79.     On March 9, 2022 Defendant Giaimis determined that he met his own standards of proof and evidence through his testimony, without examination, or presenting any documents, and terminated Plaintiffs.

80.     Proceedings relating to the wrongful termination in violation of Public Employment Relations Commissions Procedures remain ongoing.

**Accommodations in place across the state**

81.     While Maplewood refused to make any accommodations for the religious beliefs of its employees as required by law—even though it made the exact accommodations requested here for other first responders, this flagrant discrimination was rejected across the state by other municipalities who complied with their legal obligations.

**County of Essex**

82.     The Township of Bloomfield, in the County of Essex, has implemented a COVID-19 vaccination policy for Fire Fighters and Police Officers. The Policy states that all employees are required to receive the vaccine, or, if they are granted a medical or religious exemption, the Policy provides that they are required, as an accommodation, to be tested weekly for COVID-19. An unvaccinated Fire Fighter in the Township of Bloomfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

83.     The Borough of Belleville, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Belleville is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

84.     The Borough of Caldwell, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

85.     The Borough of Essex Fells, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Essex Fells is able to perform their job duties fully

and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

86.     The city of Newark, in the County of Essex, originally implemented a COVID-19 vaccination policy for all city employees. The Policy states that unvaccinated employees need to be tested weekly using PCR tests. The requirement has since been vacated.  Fire Fighters in Newark were able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.  Now, unvaccinated Fire Fighters in Newark are not required to test.

87.     The Township of Milburn, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Milburn is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

88.     The Township of Cedar Grove, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Cedar Grove is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

89.     The City of East Orange, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in East Orange is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

90.     The Township of Fairfield, in the County of Essex, does not require its Fire Fighters  to be vaccinated. An unvaccinated Fire Fighter in Caldwell is able to perform their job duties fully and

completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

91.     The Borough of Glen Ridge, in the County of Essex, requires its Fire Fighters to either be vaccinated or tested for COVID a minimum of one time a week. An unvaccinated Fire Fighter in Glen Ridge is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

92.     The Township of Irvington, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Irvington is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

93.     The Township of Livingston, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Livingston is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

94.     The Township of Millburn, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Millburn is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

95.     The Township of Montclair, in the County of Essex, requires its Fire Fighters to either be vaccinated or tested for COVID weekly. An unvaccinated Fire Fighter in Montclair is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, if they are tested.

96.     The Borough of North Caldwell, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in North Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

97.     The Township of Nutley, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Nutley is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

98.     The City of Orange, in the County of Essex, previously implemented a COVID-19 vaccination policy for Fire Fighters. The Policy stated that all employees are required to receive the vaccine, or, if they are granted a medical or religious exemption, the Policy provides that they are required, as an accommodation, to be tested weekly for COVID-19. The policy has since been revoked.  An unvaccinated Fire Fighter in the City of Orange was able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation, and is now able to continue doing their job without any accommodations.

99.     The Borough of Roseland, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Roseland is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

100.    The Village of South Orange, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in South Orange is required to test weekly for COVID-19. An unvaccinated Fire Fighter in the Village of South Orange is able to perform their

job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

101.    The Township of Verona, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Verona is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

102.    The Township of West Caldwell, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in West Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

### Hudson County

103.    The City of Bayonne, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Bayonne is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated or tested. All employees, whether vaccinated or unvaccinated, are required to wear a N95 or KN95 when working indoors or when interacting with members of the general public.

104.    The Town of Guttenberg, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Guttenberg is required to test weekly for COVID-19. An unvaccinated Fire Fighter in Guttenberg is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

105.    The Town of Harrison, in the County of Hudson, does not require its Fire Fighters to be vaccinated. All vaccinated or unvaccinated Fire Fighter in Harrison is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

106.    The City of Hoboken, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Hoboken is required to test weekly for COVID-19. An unvaccinated Fire Fighter in Hoboken is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

107.    The City of Jersey City, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Jersey City is able to perform their job duties fully and completely, without undue hardship and without danger to the community, while wearing a mask at their worksite.  All employees, regardless of vaccine status, are tested weekly for Covid.

108.    The Town of Kearny, in the County of Hudson, does not require its Fire Fighters to be vaccinated. All employees, regardless of vaccine status, are subject to regular Covid testing.  An unvaccinated Fire Fighter in Kearny is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

109.    The Township of North Bergen, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter is required to test weekly for Covid.  An unvaccinated Fire Fighter in North Bergen is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with the accommodation of testing.

110.    The Town of Secaucus, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Secaucus is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

111.    The town of West New York, in the County of Hudson, required their Police officers to be vaccinated but allowed exemptions. An unvaccinated Fire Fighter in West New York is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

112.    The town of Union City, in the County of Hudson, requires Fire Fighters to be vaccinated for COVID-19. An unvaccinated Fire Fighter in Union City is required to test weekly for COVID-19. An unvaccinated Fire Fighter in Hudson is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

113.    The town of Harrison, in the County of Hudson, does not require Police and Fire Fighters to be vaccinated for COVID-19. An unvaccinated Fire Fighter in Harrison is able to do their job duties fully and completely, without undue hardship and without danger to the community.

### Bergen County

114.    The Borough of Allendale, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Allendale are able to perform their job duties fully and completely, without undue hardship and without danger to the community.

115.    The Borough of Alpine, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Alpine are able to perform their duties fully and completely, without undue hardship and without danger to the community.

116.    The Borough of Bergenfield, in the County of Bergen, requires its Fire Fighters to either be vaccinated or tested for COVID a minimum of one time a week. An unvaccinated Fire Fighter in Bergenfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

117.    The Borough of Bogota, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Bogota are able to perform their duties fully and completely without undue hardship and without danger to the community.

118.    The Borough of Carlstadt, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Carlstadt are able to perform their duties fully and completely without undue hardship and without danger to the community.

119.    The Borough of Cliffside Park, in the County of Bergen, requires its Fire Fighters and Police Officers to be vaccinated for COVID-19 or to be tested weekly for Covid. An unvaccinated Fire Fighter in Cliffside Park is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly COVID-19 testing as an accommodation.

120.    The Borough of Closter, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Closter are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

121.    The Borough of Cresskill, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Cresskill are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

122.    The Borough of Demarest, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Demarest are able to perform their duties fully and completely, without undue hardship and without danger to the community.

123.    The Borough of Dumont, in the County of Bergen, previously requires its Fire Fighters to either be vaccinated or wear a face mask when social distancing is not possible, but since implemented the mask requirement for all Fire Fighters.  An unvaccinated Fire Fighter in Dumont is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

124.    The Borough of East Rutherford, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in East Rutherford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

125.    The Borough of Edgewater, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Edgewater are able to perform their duties fully and completely, without undue hardship and without danger to the community.

126.    The Borough of Elmwood Park, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Elmwood Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

127.    The Borough of Emerson, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Emerson are able to perform their duties fully and completely, without undue hardship and without danger to the community.

128.    The City of Englewood, in the County of Bergen, requires Fire Fighters to receive the Covid vaccine and boosters.  Unvaccinated Fire Fighters can seek a medical or religious exemption, and if granted, the unvaccinated Fire Fighter will be tested weekly for Covid.  An unvaccinated Fire Fighter in Englewood is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly COVID-19 testing as an accommodation.

129.    The Borough of Englewood Cliffs, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Englewood Cliffs are able to perform their duties fully and completely, without undue hardship and without danger to the community.

130.    The Borough of Fair Lawn, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Fair Lawn are able to perform their duties fully and completely, without undue hardship and without danger to the community.

131.    The Borough of Fairview, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Fairview are able to perform their duties fully and completely, without undue hardship and without danger to the community.

132.    The Borough of Fort Lee, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Fort Lee are able to perform their duties fully and completely, without undue hardship and without danger to the community.

133.    The Borough of Franklin Lakes, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Franklin Lakes are able to perform their duties fully and completely, without undue hardship and without danger to the community.

134.    The Borough of Garfield, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Garfield are able to perform their duties fully and completely, without undue hardship and without danger to the community.

135.    The Borough of Glen Rock, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Glen Rock are able to perform their duties fully and completely without undue hardship and without danger to the community.

136.    The City of Hackensack, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Hackensack are able to perform their duties fully and completely, without undue hardship and without danger to the community.

137.    The Borough of Harrington Park, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Harrington Park are able to perform their duties fully and completely without undue hardship and without danger to the community.

138.    The Borough of Hasbrouck Heights, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Hasbrouck Heights are able to perform their duties fully and completely, without undue hardship and without danger to the community.

139.    The Borough of Haworth, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Haworth are able to perform their duties fully and completely, without undue hardship and without danger to the community.

140.    The Township of Ho-Ho-Kus, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ho-Ho-Kus are able to perform their duties fully and completely, without undue hardship and without danger to the community.

141.    The Borough of Leonia, in the County of Bergen, requires its Fire Fighters to either be vaccinated or seek an exemption for medical or religious reasons.  A Fire Fighter granted an exemption must be tested for COVID weekly. An unvaccinated Fire Fighter in Bergenfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

142.    The Borough of Little Ferry, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Little Ferry are able to perform their duties fully and completely, without undue hardship and without danger to the community.

143.    The Borough of Lodi, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Lodi are able to perform their duties fully and completely, without undue hardship and without danger to the community.

144.    The Township of Lyndhurst, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Lyndhurst are able to perform their duties fully and completely without undue hardship and without danger to the community.

145.    The Township of Mahwah, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Mahwah are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

146.    The Borough of Maywood, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Maywood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

147.    The Borough of Midland Park, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Midland Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

148.    The Borough of Montvale, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Montvale are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

149.    The Borough of Moonachie, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Moonachie are able to perform their duties fully and completely, without undue hardship and without danger to the community.

150.    The Borough of New Milford, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in New Milford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

151.    The Borough of North Arlington, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in North Arlington are able to perform their duties fully and completely without undue hardship and without danger to the community.

152.    The Borough of Northvale, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Northvale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

153.    The Borough of Norwood in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Norwood are able to perform their duties fully and completely without undue hardship and without danger to the community.

154.    The Borough of Oakland, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Oakland are able to perform their duties fully and completely, without undue hardship and without danger to the community.

155.    The Borough of Old Tappan, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Paramus are able to perform their duties fully and completely, without undue hardship and without danger to the community.

156.    The Borough of Oradell, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Oradell are able to perform their duties fully and completely without undue hardship and without danger to the community while wearing a mask when interacting with the public.

157.    The Borough of Palisades Park, in the County of Bergen, does require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Palisades Park who "elects not to be vaccinated for medical, religious, or personal reasons" is able to perform their duties fully and completely, without undue hardship, taking a rapid test twice a week as an accommodation.

158.    The Borough of Paramus, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Paramus are able to perform their duties fully and completely, without undue hardship and without danger to the community.

159.    The Borough of Park Ridge, in the County of Bergen, does not require Fire Fighters to be vaccinated, but requires unvaccinated Fire Fighters to wear masks in Borough buildings. Unvaccinated Fire Fighters in Park Ridge are able to perform their duties fully and completely, without undue hardship and without danger to the community, with masking as an accommodation.

160.    The Borough of Ramsey, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ramsey are able to perform their duties fully and completely, without undue hardship and without danger to the community.

161.    The Village of Ridgefield Park, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ridgefield Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

162.    The Village of Ridgewood, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ridgewood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

163.    The Township of River Vale, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in River Vale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

164.    The Township of Rochelle Park, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Rochelle Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

165.    The Borough of Rockleigh, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Rockleigh are able to perform their duties fully and completely, without undue hardship and without danger to the community.

166.    The Borough of Rutherford, in the County of Bergen, does not require but encourages its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Rutherford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

167.    The Township of Saddle Brook, in the County of Bergen, does not require its Fire Fighters to be vaccinated allowing exemptions. Unvaccinated Fire Fighters in Saddle Brook are able to perform their duties fully and completely, without undue hardship and without danger to the community.

168.    The Borough of Saddle River, in the County of Bergen, does not require its Fire Fighters to be vaccinated allowing exemptions. Unvaccinated Fire Fighters in Saddle River are able to perform their duties fully and completely, without undue hardship and without danger to the community.

169.    The Borough of South Hackensack, in the County of Bergen, does not require its Fire Fighters to be vaccinated allowing exemptions. Unvaccinated Fire Fighters in South Hackensack are able to perform their duties fully and completely, without undue hardship and without danger to the community.

170.    The Township of Teaneck, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Teaneck are able to perform their duties fully and

completely, without undue hardship and without danger to community. At one point Teaneck required weekly testing for unvaccinated Fire Fighters, but since lifted this requirement. Masking is encouraged for vaccinated and unvaccinated Fire Fighters, but is not mandatory.

171.    The Borough of Tenafly, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Tenafly are able to perform their duties fully and completely, without undue hardship and without danger to the community.

172.    The Borough of Teterboro, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Teterboro are able to perform their duties fully and completely, without undue hardship and without danger to the community.

173.    The Borough of Upper Saddle River, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Upper Saddle River are able to perform their duties fully and completely, without undue hardship and without danger to the community.

174.    The Borough of Waldwick, in the County of Bergen, does not require its Fire Fighters and Police Officers to be vaccinated. Unvaccinated Fire Fighters in Waldwick are able to perform their duties fully and completely, without undue hardship and without danger to the community.

175.    The Borough of Wallington, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Wallington are able to perform their duties fully and completely, without undue hardship and without danger to the community.

176.    The Township of Washington, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Washington are able to perform their duties fully and completely, without undue hardship and without danger to the community.

177.     The Borough of Westwood, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Westwood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

178.     The Borough of Woodcliff Lake, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Woodcliff Lake are able to perform their duties fully and completely, without undue hardship and without danger to the community, utilizing masks and social distancing.

179.     The Borough of Wood-Ridge, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Wood Ridge are able to perform their duties fully and completely, without undue hardship and without danger to the community.

180.     The Township of Wyckoff, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Wyckoff are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

### Passaic County

181.     The Borough of Bloomingdale, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Bloomingdale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

182.     The City of Clifton, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Clifton are able to perform their duties fully and completely, without undue hardship and without danger to the community.

183.     The Borough of Haledon, in the County of Passaic, does require its Fire Fighters to be vaccinated for COVID-19. Unvaccinated Fire Fighters in Haledon are required to test weekly.

With accommodation, unvaccinated Fire Fighters in Haledon are able to perform their duties fully and completely, without undue hardship and without danger to the community.

184.    The Borough of Hawthorne, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Hawthorne are able to perform their duties fully and completely, without undue hardship and without danger to the community.

185.    The Township of Little Falls, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Little Falls are able to perform their duties fully and completely, without undue hardship and without danger to the community.

186.    The Borough of North Haledon, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in North Haledon are able to perform their duties fully and completely, without undue hardship and without danger to the community.

187.    The City of Passaic, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Passaic are able to perform their duties fully and completely, without undue hardship and without danger to the community.

188.    The City of Paterson, in the County of Passaic, does require its Fire Fighters to be vaccinated for COVID-19 or to test weekly and wear a mask.  With accommodation, unvaccinated Fire Fighters in Passaic are able to perform their duties fully and completely, without undue hardship and without danger to the community.

189.    The Borough of Pompton Lakes, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Pompton Lakes are able to perform their duties fully and completely, without undue hardship and without danger to the community.

190.    The Borough of Prospect Park, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Prospect Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

191.    The Borough of Ringwood, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ringwood are able to perform their duties fully and completely, without undue hardship and without danger to the community wearing a mask while working.

192.    The Borough of Totowa, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in North Totowa are able to perform their duties fully and completely, without undue hardship and without danger to the community.

193.    The Borough of Wanaque, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Wanaque are able to perform their duties fully and completely, without undue hardship and without danger to the community.

194.    The Township of Wayne, in the County of Passaic, does require its Fire Fighters and Police Officers to be vaccinated for COVID-19. Unvaccinated Fire Fighters in Wayne are able to perform their duties fully and completely, without undue hardship and without danger to the community.

195.    The Township of West Milford, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in West Milford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

196.    The Borough of Woodland Park, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Woodland Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

**COUNT I:**

**VIOLATION OF LAD: RELIGIOUS DISCRIMINATION**

197.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

198.    The LAD prescribed requirements that Defendants was required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

199.    The LAD prohibits an employer, such as Defendants, from retaliating against an employee who asserts their protected rights under the LAD.

200.    The LAD protects the rights of persons with sincerely held religious beliefs.

201.    The LAD prohibits Defendants from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

202.    Upon receipt of the requests for religious exemption from Plaintiffs, Defendants placed them on unpaid leave of absence, and then terminated them.

203.    By placing Plaintiffs on unpaid leave of absence, Defendants retaliated against them in violation of the LAD.

204.    By terminating Plaintiffs, Defendants illegally retaliated against Plaintiffs in violation of the LAD.

205.    By representing to the NJ Department of Labor, Division of Unemployment that Plaintiff Giordano had been terminated for cause, Defendants illegally retaliated against him in violation of the LAD.

206.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

      a.      Compensatory damages;

b.      Punitive damages;

c.      Attorneys' fees and costs of suit; and

d.      Such other relief as the Court may deem proper and just.

## **COUNT II:**

## **VIOLATION OF NJLAD: FAILURE TO ACCOMMODATE**

207.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

208.    The LAD provides that Defendants must provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

209.    The LAD requires Defendants to make a bona fide effort to reach an accommodation for employees who seek exemption.

210.    Defendants did not make a bona fide effort to reach an accommodation for Plaintiffs.

211.    The LAD provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

212.    The LAD provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

213.    Plaintiffs are able to perform the essential functions of their job without an undue hardship to Maplewood.

214.    Plaintiffs are able to perform the essential functions of their job without placing the public in the threat of harm.

215.    The essential functions of a Fire Fighter in Maplewood are substantially similar to those of a Fire Fighter in the municipalities set forth above in paragraphs 82-196.

216.    Unvaccinated Fire Fighters can perform the essential functions of their job duties with reasonable accommodations in the municipalities set forth above in paragraphs 82-196.

217.    By refusing to provide accommodations, Defendants violated the LAD.

218.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Attorneys' fees and costs of suit; and

    d.    Such other relief as the Court may deem proper and just.

## COUNT III:

## VIOLATION OF TITLE VII: RELIGIOUS DISCRIMINATION

219.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

220.    Title VII prescribed requirements that Defendants were required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

221.    Title VII prohibits an employer, such as Defendants, from retaliating against an employee who asserts their protected rights under the LAD.

222.    Title VII protects the rights of persons with sincerely held religious beliefs.

223.    Title VII prohibits Defendants from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

224.    Upon receipt of the requests for religious exemption from Plaintiffs, Defendants placed them on unpaid leave of absence, and then terminated them.

225.    By placing Plaintiffs on unpaid leave of absence, Defendants retaliated against them in violation of Title VII.

226.    By terminating Defendants, Maplewood illegally retaliated against Plaintiffs in violation of Title VII.

227.    By representing to the NJ Department of Labor, Division of Unemployment that Plaintiff Giordano had been terminated for cause, Defendants illegally retaliated against him in violation of the Title VII.

228.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

a.      Compensatory damages;

b.      Punitive damages;

c.      Attorneys' fees and costs of suit; and

d.      Such other relief as the Court may deem proper and just.

## COUNT IV:

## VIOLATION OF TITLE VII: FAILURE TO ACCOMMODATE

229.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

230.    Title VII provides that Defendants must provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

231.    Title VII requires Defendants to make a bona fide effort to reach an accommodation for employees who seek exemption.

232.    Defendants did not make a bona fide effort to reach an accommodation for Plaintiffs.

233.    Title VII provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

234.    Title VII provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

235.    Plaintiffs are able to perform the essential functions of their job without an undue hardship to Defendants.

236.    Plaintiffs are able to perform the essential functions of their job without placing the public in the threat of harm.

237.    The essential functions of a Fire Fighter in Maplewood are substantially similar to those of a Fire Fighter in the municipalities set forth above in paragraphs 82-196.

238.    Unvaccinated Fire Fighters can perform the essential functions of their job duties with reasonable accommodations in the municipalities set forth above in paragraphs 82-196.

239.    By refusing to provide accommodations, Defendants violated Title VII.

240.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Attorneys' fees and costs of suit; and

    d.    Such other relief as the Court may deem proper and just.


## COUNT V

## RETALIATION IN VIOLATION OF LAD AND TITLE VII

241.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein

242.    LAD and Title VII prohibit Defendants from retaliating against them for their assertion of a religious exemption from the COVID-19 vaccination policy.

243.    As set forth above, Defendants illegally retaliated against Plaintiffs by placing them on unpaid leave, and terminating their employment.

244.    Further, Defendants illegally retaliated against Mr. Giordano by falsely stating to the NJ Division of Unemployment that he was terminated for cause.

245.    As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a.      Compensatory damages;

    b.      Punitive damages;

    c.      Attorneys' fees and costs of suit; and

    d.      Such other relief as the Court may deem proper and just.

## COUNT VI:

## DECLARATORY JUDGMENT

246.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

247.    LAD and Title VII provided for injunctive relief to prevent future violations.

248.    Plaintiffs are legally entitled to a declaratory judgment that Defendants violated the LAD and Title VII and that an injunction should be issued requiring Defendants to comply with the LAD and Title VII regarding religious exemptions and accommodations to prevent further harm.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a.      Injunctive relief as set forth herein;

    b.      Attorneys' fees and costs of suit; and

    c.      Such other relief as the Court may deem proper and just.

**JURY DEMAND**

Plaintiffs hereby demands a trial by jury of all issues so triable.

Dated: July 29, 2022                                Attorneys for Plaintiffs

                                                    By: *s/ John D. Coyle*
                                                    COYLE LAW GROUP LLP
                                                    John D. Coyle, Esq. (0296362001)
                                                    55 Madison Avenue, Suite 400
                                                    Morristown, NJ 07960
                                                    Tel. (973) 370-0592
                                                    jcoyle@coylelawgroup.com